UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JEWISH CENTER FOR AGED, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:07-CV-750 (JCH) |
| ) | |
| UNITED STATES DEPARTMENT OF ) | |
| HOUSING AND URBAN DEVELOPMENT, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

The matter is before the Court on Plaintiff's Motion for an Injunction Pending Appeal, filed August 1, 2007. (Doc. No. 27). The motion is ready for disposition because it is fully briefed, and the Court heard arguments on August 14, 2007.

**BACKGROUND**[1]

On July 24, 2007, the Court dismissed Plaintiff Jewish Center for Aged's ("JCA") Complaint after holding that sovereign immunity barred its suit against Defendant United States Department of Housing and Urban Development ("HUD"). (Doc. No. 24). Following this dismissal, HUD informed JCA that it will auction the Note on September 19, 2007. (Mot. for Inj., Doc. No. 27 Ex. 1). To prevent this sale from occurring, JCA filed its Motion for an Injunction Pending Appeal.

When determining whether a preliminary injunction should issue, the Court should consider (1) the threat of irreparable harm to JCA; (2) the state of balance between this harm and the injury that granting the injunction will inflict on HUD; (3) the probability that JCA will succeed on the

---

[1]Doc. No. 24 contains a detailed background of this dispute.

merits; and (4) the public interest. Dataphase Sys., Inc. v. C L Sys., Inc., 640 F.2d 109, 113 (8th Cir. 1981)(en banc). Because an injunction is equitable in nature, the Court maintains "a flexible approach in applying the Dataphase factors and balancing the equities between the parties." Walker v. Lockhart, 678 F.2d 68, 70 (8th Cir. 1982). The Court applies the Dataphase factors to motions for an injunction pending appeal. Id.

Upon consideration, the Court will deny JCA's injunction request. Specifically, JCA has not shown that it will succeed on appeal because this Court has twice dismissed its claims against HUD. The Court is not convinced that the sale of the Note will irrevocably harm JCA because it has already been transferred twice without extinguishing JCA's alleged rights. Similarly, JCA's proposed harm does not outweigh the harm to HUD, which has already expended over $58,000,000 on the Note. Finally, the United States public has a compelling interest in HUD recouping some of its costs. As such, the equities favor HUD.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Preliminary Injunction Pending Appeal (Doc. No. 27) is **DENIED**.

Dated this 15th day of August, 2007.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE